# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil No:_____

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 04 2018

JEFFREY P. COLWELL
CLERK

ADRIAN CAL OHANIAN
ZACKARI PARRISH
,
     , Plaintiff(s)


v.


DOUGLAS COUNTY SHERIFFS OFFICE
DENVER COUNTY JAIL
DENVER POLICE DEPARTMENT
DENVER PRE-TRIAL SERVICES
DENVER DISTRICT ATTORNEY'S OFFICE
LINDSEY-FLANIGAN COURTHOUSE
WESTMINSTER POLICE DEPARTMENT
ADAMS COUNTY SHERIFF'S OFFICE
ADAMS COUNTY JUDICIAL CENTER
ADAMS COUNTY DISTRICT ATTORNEYS OFFICE
ADAMS COUNTY HUMAN SERVICES
SOCIAL SECURITY ADMINISTRATION
WELD COUNTY JAIL
WELD COUNTY DISTRICT ATTORNEYS OFFICE
WELD COUNTY COURTHOUSE
WELD COUNTY PRE-TRIAL SERVICES
US IMMIGRATIONS AND CUSTOMS ENFORCEMENT AGENCY
US DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
COLORADO DEPARTMENT OF MOTOR VEHICLES
BOULDER POLICE DEPARTMENT
HEALTH FIRST COLORADO
COLORADO DEPARTMENT OF HUMAN SERVICES
DOUGLAS COUNTY JAIL
ADAMS COUNTY JAIL
INTERNAL REVENUE SERVICE
DENVER COUNTY HUMAN SERVICES
SECURUS TECHNOLOGIES
COLORADO HEALTH GRIEVANCE BOARD
VERIZON WIRELESS

1

TELMATE
OFFICE OF THE INDEPENDANT MONITOR
DENVER SHERIFF DEPARTMENT INTERNAL AFFAIRS BUREAU
TRUCHA BAIL BONDS
AMERICAN SURETY COMPANY
FAMILY SUPPORT REGISTRY
JEFFERSON COUNTY JAIL
JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE
LAKEWOOD POLICE DEPARTMENT
DELTA DISASTER SERVICES
DENVER PUBLIC DEFENDERS OFFICE,
ADAMS COUNTY PUBLIC DEFENDERS OFFICE
GREELEY POLICE DEPARTMENT,
ADAMS COUNTY PROBATION OFFICE
AMERICAN CIVIL LIBERTIES UNION
STEWART-LIPPMAN
REGIONAL TRANSPORTATION DISTRICT
BVAA COMPASS
FEDERAL BUREAU OF INVESTIGATION
DENVER POLICE PROTECTIVE ASSOCIATION
FOOD AND DRUG ADMINISTRATION
DENVER FIRST
UNITED STATES DEPARTMENT OF AGRICULTURE
HIGH PERFORMANCE TRANSPORTATION ENTERPRISE
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
E-470 PUBLIC HIGHWAY AUTHORITY
DENVER POLICE DEPARTMENT CIVIL LIABILITY BUREAU
OFFICE OF THE ATTORNEY GENERAL
SPRINT
DENVER OFFICE OF RISK MANAGEMENT
DEPARTMENT OF JUSTICE
COLORADO COURT OF APPEALS
THORNTON POLICE DEPARTMENT
THE SHARPEST RIDES
ENGLEWOOD POLICE DEPARTMENT
WELLS FARGO
PUBLIC STORAGE
NORTHMARQ COMPANIES LLC
ARAPAHOE COUNTY COURTHOUSE
WOOD PARTNERS
QUAIL RUN ASSOCIATIONS
STARS & STRIPES HOMES, INC.
THE MCCULLOUGH GROUP
TSCHETTER HAMRICK SULZER P.C.
EAN HOLDINGS LLC
THE SCORE ASSOCIATION
SMALL BUSINESS ADMINISTRATION

2

DEPARTMENT OF HOMELAND SECURITY
NATIONAL SECURITY ADMINISTRATION
ALCOHOL TOBACCO AND FIREARMS
CENTRAL INTELLIGENCE AGENCY
COLORADO BUREAU OF INVESTIGATION
PAYPAL
PAYANYWHERE
SQUARE
COYOTE UGLY
ENGLEWOOOD FAMILY PHYSICIANS
AURORA MENTAL HEALTH
DENVER HEALTH
AFC URGENT CARE
CLINIX HEALING CENTER
COLORADO HOUSE OF REPRESENTATIVES
COMCAST
NETSPEND
GREEN DOT CORPORATION
NATIONAL RIFLE ASSOCIATION
CASTLE ROCK POLICE DEPARTMENT
,

    , Defendant(s).

## COMPLAINT

## PARTIES

ADRIAN OHANIAN
1225 S ZENO CIR UNIT C
AURORA, CO 80017

ZACKARI PARRISH
646 BLUE HERON WAY
HIGHLANDS RANCH, CO 80129

DOUGLAS COUNTY SHERIFFS OFFICE
4000 JUSTICE WAY
CASTLE ROCK, CO 80109

DENVER COUNTY JAIL
PO. BOX 1108
DENVER, CO 80201

DENVER POLICE DEPARTMENT

1331 N. CHEROKEE ST
DENVER, CO 80202

DENVER PRE-TRIAL SERVICES
303 W. COLFAX AVE 16TH FLOOR
DENVER, CO 80204

DENVER DISTRICT ATTORNEY'S OFFICE
201 W COLFAX AVE.
DENVER, CO 80202

LINDSEY-FLANIGAN COURTHOUSE
520 W COLFAX AVE.
DENVER, CO 80204

WESTMINSTER POLICE DEPARTMENT
9110 YATES ST
WESTMINSTER, CO 80031

ADAMS COUNTY SHERIFF'S OFFICE
333 N. 19TH AVE
BRIGHTON, CO 80601

ADAMS COUNTY JUDICIAL CENTER
1100 JUDICIAL CENTER DRIVE
BRIGHTON, CO 80601

ADAMS COUNTY DISTRICT ATTORNEYS OFFICE
1000 JUDICIAL CENTER DRIVE
BRIGHTON, C080601

ADAMS COUNTY HUMAN SERVICES
11860 N. PECOS ST
WESTMINSTER, CO 80234

SOCIAL SECURITY ADMINISTRATION
1428 E. JEWELL AVE
AURORA, CO 80012

WELD COUNTY JAIL
2110 "0" STREET
GREELEY, CO 80631

WELD COUNTY DISTRICT ATTORNEYS OFFICE
915 10TH STREET
GREELEY, CO 80631

4

WELD COUNTY COURTHOUSE
901 9TH AVE
P.O. BOX2038 (80632)
GREELEY, CO 80631

WELD COUNTY PRE-TRIAL SERVICES
PO. BOX 758
GREELEY, CO 80632

US IMMIGRATIONS AND CUSTOMS ENFORCEMENT AGENCY
11755 AIRPORT WAY
BROOMFIELD, CO 80021

US DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
1670 BROADWAY
DENVER, CO 80202

COLORADO DEPARTMENT OF MOTOR VEHICLES
1881 PIERCE ST
LAKEWOOD, CO 80214

BOULDER POLICE DEPARTMENT
1805 33RD STREET
BOULDER, CO 80301

HEALTH FIRST COLORADO
1570 GRANT ST
DENVER, CO 80203

COLORADO DEPARTMENT OF HUMAN SERVICES
1575 SHERMAN ST 5TH FLOOR
DENVER, CO 80203

DOUGLAS COUNTY JAIL
4000 JUSTICE WAY
CASTLE ROCK, CO 80109

ADAMS COUNTY JAIL
150 N. 19TH AVE
BRIGHTON, CO 80601

INTERNAL REVENUE SERVICE
1999 BROADWAY
DENVER, CO 80202

DENVER COUNTY HUMAN SERVICES
1200 FEDERAL BLVD

5

DENVER, CO 80204

SECURUS TECHNOLOGIES
PO BOX 1109
ADDISON, TX 75001

COLORADO HEALTH GRIEVANCE BOARD
1560 BROADWAY
DENVER, CO 80202

VERIZON WIRELESS
295 N MAPLE AVE
BASKING RIDGE, NJ 07920

TELMATE
PO BOX 1137
FRUITLAND, ID 83619

OFFICE OF THE INDEPENDANT MONITOR
201 W COLFAX AVE, DEPT 1201
DENVER, CO 80202

DENVER SHERIFF DEPARTMENT INTERNAL AFFAIRS BUREAU
5440 ROSLYN ST
BUILDING 5, SUITE 302
DENVER, CO 80216

TRUCHA BAIL BONDS
4500 W COLFAX AVE
DENVER, CO 80204

AMERICAN SURETY COMPANY
PO BOX 68932
INDIANAPOLIS, IN 46268

FAMILY SUPPORT REGISTRY
PO BOX 2171
DENVER, CO 80201-2171

JEFFERSON COUNTY JAIL
200 JEFFERSON COUNTY PKWY
GOLDEN, CO 80401

JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE
500 JEFFERSON COUNTY PKWY
GOLDEN, CO 80401

6

LAKEWOOD POLICE DEPARTMENT
445 S ALLISON PKWY
LAKEWOOD, CO 80226

DELTA DISASTER SERVICES
3295 FILLMORE RIDGE HEIGHTS
COLORADO SPRINGS, CO 80907

DENVER PUBLIC DEFENDERS OFFICE
1560 BROADWAY SUITE 300
DENVER, CO 80202

ADAMS COUNTY PUBLIC DEFENDERS OFFICE
4710 E BROMLEY LN
BRIGHTON, CO 80601

GREELEY POLICE DEPARTMENT
2875 W 10TH ST
GREELEY, CO 80634

ADAMS COUNTY PROBATION OFFICE
4955 E 74TH AVE
COMMERCE CITY, CO 80022

AMERICAN CIVIL LIBERTIES UNION
303 E 17TH AVE
DENVER, CO 80203

STEWART-LIPPMAN
5447 E 5TH ST STE 110
TUCSON, AZ 85711

REGIONAL TRANSPORTATION DISTRICT
1660 BLAKE ST
DENVER, CO 80202

BVAA COMPASS
15 20TH ST S STE 1501
BIRMINGHAM, AL 35233-2000

FEDERAL BUREAU OF INVESTIGATION
555 11TH ST NW SUITE 600
WASHINGTON D.C. 20004

DENVER POLICE PROTECTIVE ASSOCIATION
2105 DECATUR ST
DENVER, CO 80211

FOOD AND DRUG ADMINISTRATION
1 DENVER FEDERAL CTR #20
DENVER, CO 80228

DENVER FIRST
UNITED STATES DEPARTMENT OF AGRICULTURE
1400 INDEPENDENCE AVE, SW
WASHINGTON D.C. 20250-9410

HIGH PERFORMANCE TRANSPORTATION ENTERPRISE
4201 E ARKANSAS, ROOM 230
DENVER, CO 80222

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
11001 WEST 120TH AVENUE, SUTE 215
BROOMFIELD, CO 80021

E-470 PUBLIC HIGHWAY AUTHORITY
22470 E 6TH PARKWAY, SUITE 110
AURORA, CO 80018

DENVER POLICE DEPARTMENT CIVIL LIABILITY BUREAU
1331 CHEROKEE ST
DENVER, CO 80204

OFFICE OF THE ATTORNEY GENERAL
1300 BROADWAY, 10TH FLOOR
DENVER, CO 80203

SPRINT
6480 SPRINT PKWY BLDG 13
OVERLAND PARK, KS 66251

DENVER OFFICE OF RISK MANAGEMENT
201 WEST COLFAX AVE, DEPARTMENT 1105
DENVER, CO 80202

DEPARTMENT OF JUSTICE
1801 CALIFORNIA ST, STE 1600
DENVER, CO 80202

COLORADO COURT OF APPEALS
2 E. 14TH AVE
DENVER, CO 80203

THORNTON POLICE DEPARTMENT

8

9551 CIVIC CENTER DRIVE
THORNTON, CO 80229

THE SHARPEST RIDES
2245 S RARITAN ST
ENGLEWOOD, CO 80110

ENGLEWOOD POLICE DEPARTMENT
3615 S ELATI ST
ENGLEWOOD, CO 80110

WELLS FARGO
420 MONTGOMERY STREET
SAN FRANCISCO, CA 94104

PUBLIC STORAGE
701 WESTERN AVE
GLENDALE, CA 91201

NORTHMARQ COMPANIES LLC
60 SOUTH SIXTH STREET, SUITE 3800
MINNEAPOLIS, MN 55402

ARAPAHOE COUNTY COURTHOUSE
1790 W LITTLETON BLVD
LITTLETON, CO 80120

WOOD PARTNERS
3715 NORTHSIDE PKWY N SUITE 400
ATLANTA, GA 30327

QUAIL RUN ASSOCIATIONS
1223 SOUTH ZENO WAY
AURORA, CO 80017

STARS & STRIPES HOMES, INC.
601 SALIDA WAY #B
AURORA, CO 80011

THE MCCULLOUGH GROUP
1873 S BELLAIRE STREET
DENVER, CO 80222

TSCHETTER HAMRICK SULZER P.C.
3600 S YOSEMITE ST STE 828
DENVER, CO 80237

EAN HOLDINGS LLC
6929 N LAKEWOOD AVE
TULSA, OK 74117

THE SCORE ASSOCIATION
1175 HERNDON PKWY SUITE 900
HERNDON, VA 20170

SMALL BUSINESS ADMINISTRATION
555 11TH ST NW SUITE 600
WASHINGTON, D.C. 20416

DEPARTMENT OF HOMELAND SECURITY
9195 MINERAL AVENUE, SUITE 200
CENTENNIAL, CO 80112

NATIONAL SECURITY ADMINISTRATION
9800 SAVAGE RD, SUITE 6272
FT. GEORGE G MEADE, MD 20755-6000

UNITED STATES ALCOHOL TOBACCO AND FIREARMS
17310 WRIGHT ST
OMAHA, NE 68130

CENTRAL INTELLIGENCE AGENCY
1724 F ST NW
WASHINGTON, DC 20505

COLORADO BUREAU OF INVESTIGATION
690 KIPLING ST
LAKEWOOD, CO 80215

PAYPAL
2211 N 1ST ST
SAN JOSE, CA 95131

PAYANYWHERE
250 STEPHENSON HIGHWAY
TROY, MI 48083

SQUARE
110 5TH STREET
SAN FRANCISCO, CA 94103

COYOTE UGLY
500 16TH STREET
DENVER, CO 80202

ENGLEWOOOD FAMILY PHYSICIANS
701 E HAMPDEN AVE SUITE 350
ENGLEWOOD, CO 80113

AURORA MENTAL HEALTH
11059 E BETHANY DRIVE SUITE 200
AURORA, CO 80014

DENVER HEALTH
777 BANNOCK ST
DENVER, CO 80204

AFC URGENT CARE
3800 IRVING STREET
DENVER, CO 80211

CLINIX HEALING CENTER
7030 S YOSEMITE ST
CENTENNIAL, CO 80112

COLORADO HOUSE OF REPRESENTATIVES
200 E COLFAX SUITE 307
DENVER, CO 80203

COMCAST
ONE COMCAST CENTER
1701 JOHN F KENNEDY DRIVE
PHILADELPHIA, PA 19103

NETSPEND
701 BRAZOS ST, SUITE 1200
AUSTIN, TX 78701

GREEN DOT CORPORATION
3465 E FOOTHILL BLVD
PASADENA, CA 91107

NATIONAL RIFLE ASSOCIATION
11250 WAPLES MILL RD
FAIRFAX,VA 22030

CASTLE ROCK POLICE DEPARTMENT
100 PERRY ST
CASTLE ROCK, CO 80104

## JURISDICTION

All parties within this complaint reside within Colorado, and/or conduct business within the state of Colorado. Plaintiff alleges each and every defendant listed violated plaintiff(s) constitutional rights, with some parties also violating plaintiff(s) civil rights, and human rights. This federal court has jurisdiction over civil complaints which allege violations of constitutional rights within the state of Colorado. Further, this federal court also has jurisdiction over allegations involving government entities within the state of Colorado. Jurisdiction of second plaintiff, fallen officer Zackari Parrish, are based on plaintiff Adrian Ohanian seeking half of claims for relief to be distributed between the two broken families, namely to his widowed spouse Gracie Parrish. Furthermore, defendant parties listed wove plaintiffs lives together.

## BACKGROUND

"The United States of Harassment" with the above cast.

## FIRST CLAIM FOR RELIEF

The first claim for relief involves defendant the, DOUGLAS COUNTY SHERIFFS OFFICE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

Unconstitutional stop pulling over a skateboarder.
False domestic violence warrant arrest.
False harassment warrant arrest
Unconstitutional arrest.
Arrest under non valid old legal name
Detaining plaintiff without bond for non-capital offense
Arrest for fake case.
Police misconduct.
Negligence.
Arresting on a warrant for a non-existent person.
Falsely verifying warrant when person detained has different name.
Causing wrong person to be detained.
Causing wrong person to be arrested.
Failing to match identification to arrest warrant.
Discrimination against skateboarders.
Skateboarder harassment.
Holding plaintiff without bail on misdemeanor.
Failing to get a bond assigned for the warrant.
Harassment.
Allowing civilians to use police for harassment.
Forcing plaintiff to falsely represent his identity.
Preventing plaintiff from attending and resolving pending court cases.
Causing plaintiff to be incarcerated without just cause.
Arrest under wrong name prevented family from knowing plaintiff was wanted.
Warrant under wrong name prevented family from knowing plaintiff is incarcerated.
Unequal protection of the laws.

Jailing plaintiff over ticket and summons was unequal protection of the laws.
In contempt disregarded a judge signed order of legal name change, act of civil contempt.
Calling from restricted telephone numbers.
Arrest under name not matching identification.
Asking plaintiff to furnish identification without just cause.
Unreasonable requests.
Requests with no valid intention.
Not following Colorado revised statutes.
Not following federal law.
Discrimination.
Arresting for warrants with no bond assigned..
Discrimination against people who cannot afford cars.
Discrimination against those who live in poverty.
Refusal to provide police reports to victims of false arrests

## SECOND CLAIM FOR RELIEF

The second claim for relief involves defendant the, DENVER COUNTY JAIL, and plaintiff(s)
contend each was an unlawful violation of constitutional rights:

failure to release after knowledge of domestic violence false arrest
failure to release after knowledge of harassment false arrest
detainment on fake child abuse charge
revocation of bond that was not violated on day set to be released
negligence
failure to release plaintiff after notice given Via petition for habeas corpus
detaining a non-existent person
failing to check identification with incoming detainee against charging name
charging and fingerprinting wrong person
detaining wrong person
failing to verify identification via inmates property after notice given
allowing plaintiff to receive a special visit for a person that was not him
allowing plaintiff to be written a summons in custody for a person that was not him
failure to do due diligence
head jailer did not respond to petition for habeas corpus or call plaintiff into office
failure to attempt to locate plaintiffs summons which was stolen from his cell
refusing to do legal photocopies claiming name discrepancy
refusing law library printouts claiming name discrepancy
moving defendant against his will after civil filing being incomplete issue was raised
allowing inmates to harass defendant with claims he is a child abuser
placing inmate in cell which cannot be secured allowing legal work to be stolen
allowing inmates life to be put in danger
forcing plaintiff to falsely represent his identity
forcing plaintiff to commit felonies under duress due to miss identification
preventing plaintiff from bailing out of jail due to miss identification
preventing plaintiff from attending and resolving pending court cases
causing plaintiff to remain incarcerated without just cause

13

failure to transport plaintiff to court dates in other jurisdictions
incarceration under wrong name prevented transport to other jurisdictions
incarceration under wrong name prevented receiving mail under legal name
incarceration under wrong name prevented family from knowing plaintiff is incarcerated
honoring warrant over ticket and summons was unequal protection
jailing plaintiff over ticket and summons was unequal protection
detaining plaintiff with bond over ticket and summons was unequal protection
in contempt disregarded a judge signed order of legal name change, act of civil contempt
Failure to higher adequate counselors
failure to respond to lawsuits
assuming all problems are someone elses problems
assuming someone else will correct problems
general lack of responsibility
wasting taxpayer money by causing more lawsuits

## THIRD CLAIM FOR RELIEF

The third claim for relief involves defendant the, DENVER POLICE DEPARTMENT, and
plaintiff(s) contend each was an unlawful violation of constitutional rights:

playing relationship police
forcing another jurisdiction to falsely arrest plaintiff
causing other jurisdictions taxpayers to be subjected to lawsuits
false arrest
fake domestic violence charge
fake harassment charge
fake child abuse charge as result of fishing for any possible charge to keep in jail on
discrimination against males
discrimination against felons
Detaining plaintiff without bond for non-capital offense
causing other entities to be subjected to lawsuits
negligence
failure to retract charges after notice
charging a non—existent person
falsely verifying warrant when person detained has completely different name
causing wrong person to be charged
causing wrong person to be arrested
tarnishing arrest record to lead to employment problems in plaintiffs sector
failing to verify identification before writing warrant for arrest
failing to verify identification with jail property before writing summons
discrimination against people with a criminal record
failure to do due diligence
forced another jurisdiction to hold defendant without bail
failing to get a bond assigned for the warrant
issuing a warrant without attempting to contact alleged party
issuing a warrant without just cause
harassment

14

allowing civilians to use police for harassment
failing to verify renter identification at scene of alleged crime
failing to verify identification of alleged victims
forcing plaintiff to falsely represent his identity
forcing plaintiff to commit felonies under duress due to miss identification
preventing plaintiff from bailing out of jail due to miss identification
preventing plaintiff from attending and resolving pending court cases
causing plaintiff to be incarcerated without just cause
giving a special visit in custody to the wrong person
refusal to report plaintiffs sexual assault over the telephone
warrant under wrong name prevented family fromtknowing plaintiff was wanted
warrant under wrong name prevented family from knowing plaintiff is incarcerated
requesting warrant over ticket and summons was unequal protection
request plaintiff be jailed over ticket and summons was unequal protection
request plaintiff be detained with bond over ticket and summons was unequal protection
dispatch caused other jurisdiction to book plaintiff his as two separate people
dispatch caused other jurisdiction to treat plaintiff as two separate and distinct individuals
dispatch caused other jurisdiction to not know who plaintiff was but was required to know
dispatch failed to properly identify plaintiff
dispatch acted with disregard by making no attempt to verify identify of plaintiff
dispatch inability to determine who person was, plaintiff should have been released
dispatch aware of no active warrants on name on plaintiffs identification card
in contempt disregarded a judge signed order of legal name change, act of civil contempt
discrimination
wasting taxpayer money by causing more lawsuits
holding charges against plaintiff to coverup false arrest due to lawsuit

## FOURTH CLAIM FOR RELIEF

The fourth claim for relief involves defendant the, DENVER PRE-TRIAL SERVICES, and
plaintiff(s) contend each was an unlawful violation of constitutional rights:

making taxpayers pay $450 a month to gps monitor "criminals"
false police computer designation of probation client
false probation client designation causes unlawful searches
false probation client designation causes police harassment
false probation client designation causes police discrimination
false probation client designation causes police confusion in other jurisdictions
negligence
pre-trial delay shall be considered within window of time jail must release a person on bond
pre-trial supervision is treating a person as guilty before they enter a plea of guilty
discrimination against families as plaintiff was not allowed to enter waiting area with a baby
attempting to supervise same person under two different names
GPS monitoring a non-existent person
attempting to have plaintiff meet with two different officers under two different names
attempting to have plaintiff falsely represent himself as someone whom he is not
attempting to have plaintiff commit felonies relating to name discrepancy

failure to do due diligence
accepting release paperwork without verifying legality of orders
inability to function in society due to plaintiff having to represent himself as two people
discrimination against families as plaintiff was not allowed to bring baby into meeting
preventing plaintiff from being at GPS locations that do not pertain to him
preventing plaintiff from being at GPS locations with people that do not pertain to him
harassment
requiring plaintiff to check in by telephone when he has no telephone service
requiring plaintiff to check in by telephone when he has no telephone
requiring plaintiff to furnish an address when homeless
requiring plaintiff to represent himself as living at an old address which he no longer resides
forcing plaintiff to violate the terms and conditions which they placed upon him
in contempt will disregarded a judge signed order of legal name change, in civil contempt
Forcing plaintiff  to speak with them while in custody
Attempting collections on fake crime
nonsense community risk assessment system
issuing warrant 4 hours after first initial contact via voicemail is abuse of power
threats of warrant for arrest is harassment
no jurisdiction over plaintiffs life

## FIFTH CLAIM FOR RELIEF

The fifth claim for relief involves defendant the, DENVER DISTRICT ATTORNEY'S OFFICE,
and plaintiff(s) contend each was an unlawful violation of constitutional rights:

holding charges against plaintiff to coverup false arrest due to lawsuit
forcing another jurisdiction to falsely arrest plaintiff
causing other jurisdictions taxpayers to be subjected to lawsuits
failure to dismiss after knowledge of false arrest
pressing fake charges
fishing for charges, namely child abuse
causing other entities to be subjected to lawsuits
failure to object to revocation of bond that was not violated
Detaining plaintiff without bond for non-capital offense
negligence
entrapment
pre-trial supervision request treated plaintiff as guilty before entering a plea of guilty '
discrimination against families as plaintiff was not allowed to enter waiting area with a baby
charging person under two different names
holding charges under two different names after notice was given
putting plaintiff in front of two different prosecutors under two different names in same day
attempting to have plaintiff falsely represent himself as someone whom he is not
attempting to have plaintiff commit felonies relating to name discrepancy
failure to do due diligence
making requests of defendant without verifying legality of requests
inability to present defense due to plaintiff having to represent himself as two people
could not move due to prosecution held, therefore forced homelessness

16

stuck in Colorado due to prosecution held, therefore forced to live without necessities
failure to know whom is being charged, in violation of state law
harassment
requiring plaintiff to come to court dates as two different people
requesting judgment court ordered mental health examination for wrong person
requesting wrong person be subjected to court ordered mental health examination results
not following Colorado rules of criminal procedure
forcing plaintiff to violate the terms and conditions which they placed upon him
prevented plaintiff from bailing out due refusing PR bond after identification issue known
holding charges prevents plaintiff from attending and resolving pending court cases
causing plaintiff to remain incarcerated without just cause
creating and placing unnecessary burdens upon plaintiff causing life hardships
requiring plaintiff to skateboard 6-10 hours each way for court appearances
deterioration of plaintiffs health due to going against doctors orders of no exercise
plaintiff was unable to make court appearances and thus appeared under duress
holdings charges against wrong person
wrongful incarceration
holding charges with lack of evidence
Plaintiff suffered heart attack and diminished health as result of charges being held
Discrimination against families when told baby cannot appear at court proceedings
asking that only some he held in custody on summons and complaint discriminatory
causing plaintiff to be sexually assaulted while attempting to appear for charges held
Depriving parent of ability to be a caregiver by holding charges
Plaintiff would skateboard to appear for charges held without food
Discrimination placed undue hardship against people with disabilities in violation of ADA
charges under wrong name prevented family from knowing plaintiff was charged
charges under wrong name prevented family from knowing plaintiff had court
charges under wrong name prevented family from knowing plaintiff had a bond
charges under wrong name prevented family from knowing plaintiff was in jail
charges under wrong name, family and friends fear as plaintiffs whereabouts are unknown
had knowledge that plaintiffs family was homeless with a baby and held prosecution
prosecution being held resulting in plaintiff being sexually assaulted
asking for warrants on charges that lack evidence
causing sexual abuse trauma to be relived by requesting mental health evaluations
requesting warrant over ticket and summons was unequal protection
request plaintiff be jailed over ticket and summons was unequal protection
request plaintiff be detained with bond over ticket and summons was unequal protection
plaintiff came into courthouse from jurisdiction that booked his as two separate people
transferring jurisdiction treated plaintiff as two separate and distinct individuals
transferring jurisdiction did not know who plaintiff was but was required to know
prosecution failed to properly identify plaintiff
prosecution made no attempt to verify identify of plaintiff
inability to determine who person was, plaintiff release should have been requested
there was no active warrants under the name on plaintiffs identification card in property
based upon name discrepancy, prosecution should have requested PR bond at minimum
in contempt disregarded a judge signed order of legal name change, act of civil contempt
discrimination against felons

17

nonsense community risk assesement
victim consent to dismissal is judical overstep
victim consent to dismissal does not apply to fake crimes

## SIXTH CLAIM FOR RELIEF

The sixth claim for relief involves defendant the, LINDSEY-FLANIGAN COURTHOUSE, and
plaintiff(s) contend each was an unlawful violation of constitutional rights:

releasing inmates at ten percent time served in violation of federal court injunction
releasing guilty before PR bonding pending cases discrimination
releasing guilty before PR bonding pending cases unequal protection
covering up false arrest due to lawsuit
holding charges against plaintiff to cover up false arrest due to lawsuit
revocation of bond that was not violated
Detaining plaintiff without bond for non-capital offense
causing other jurisdictions taxpayers to be subjected to lawsuits
causing other entities to be subjected to lawsuits
negligence
excessive use of force in courtroom
entrapment
pre-trial supervision order treated plaintiff as guilty before entering a plea of guilty
pre-trial supervision order resulted in plaintiff(s) being discriminated against
holding proceedings under two different names for same person in same day
failing to address petition for habeas corpus
putting plaintiff in front of two different judges under two different names in same day
attempting to have plaintiff falsely represent himself as someone whom he is not
attempting to have plaintiff commit felonies relating to name discrepancy
failure to do due diligence
making requests of defendant without verifying legality of requests
plaintiff inability to present defense due to plaintiff having to represent himself as two people
could not move due to court date appearance requests, therefore forced homelessness
stuck in Colorado due to court date appearances, forced to live without necessitates
failure to know whom is being charged, in violation of state law
harassment
orders requiring plaintiff to come to court dates as two different people
accepting for judgment court ordered mental health examination for wrong person
subjecting wrong person to court ordered mental health examination results
Proceeding being held not pursuant to Colorado rules of criminal procedure
forcing plaintiff to violate the terms and conditions which they placed upon him
prevented plaintiff from bailing out by not issuing PR bond after identification issue known
proceedings under wrong name, plaintiff unable to attend and resolving pending court cases
keeping plaintiff to remain incarcerated without just cause
ordering unnecessary burdens upon plaintiff causing life hardships
requiring plaintiff to skateboard 6-10 hours each way for court appearances
deterioration of plaintiffs health due to going against doctors orders of no exercise
plaintiff hardship make court appearances, thus appeared under duress and threat of liberty

18

holdings charges against wrong person

wrongful incarceration

plaintiff confusion as to which person he should be addressing court motions as

proceeding being held not pursuant to Federal rules of criminal procedure

Holding proceedings off the record

Whispering during proceedings at judge podium to keep conversations off the record

Plaintiff suffered heart attack and diminished health as result of court requests

Failure to address petition of habeas corpus

Holding a person without bail

Forcing another jurisdiction to hold a person without bail

Discrimination against families when notified baby cannot appear at court proceedings

Failing to offer monthly bus pass to plaintiff to make required court appointments

Holding only some in custody on summons and complaint discriminatory

Holding without bail on municipal offenses and misdemeanors

Forcing a plaintiff to sign a mandatory protection order in order to receive a bail

Depriving parent of ability to be a caregiver on court dates

Order for plaintiff to remain within the state of Colorado

Failure to accommodate special needs of plaintiff

Plaintiff would skateboard to court without food and has been hit by car due poor focus

Discrimination placed undue hardship against people with disabilities in violation of ADA

causing plaintiff to be sexually assaulted while attempting to appear for court

Denial of motions without setting hearing

Failing to set trial date after speedy trial requested

Failing to set preliminary hearing after requested

Failing to set hearing for motions not yet ruled on

issuing restraining orders without just cause

hearings under wrong name prevented family from knowing plaintiff has court

hearings under wrong name prevented family from knowing plaintiff was charged

hearings under wrong name prevented family from knowing plaintiff had a bond

due process rights violated due to mental health results of another person

hearings under wrong name, family and friends fear as plaintiffs whereabouts are unknown

not providing plaintiff with a copy of filings made by district attorney or public defender

Must be known who is being held for proceedings

signing warrants that lack evidence

granting warrant over ticket and summons was unequal protection

allowing plaintiff to be jailed over ticket and summons was unequal protection

allowing plaintiff detainment with bond over ticket and summons was unequal protection

plaintiff came into courthouse from jurisdiction that booked his as two separate people

transferring jurisdiction treated plaintiff as two separate and distinct individuals

transferring jurisdiction did not know who plaintiff was but was required to know

court failed to properly identify plaintiff

court made no attempt to verify identify of plaintiff

inability to determine who person was, plaintiff should have been released

there was no active warrants under the name on plaintiffs identification card in property

in contempt disregarded a judge signed order of legal name change, act of civil contempt

extortion via telephone system

19

## SEVENTH CLAIM FOR RELIEF

The seventh claim for relief involves defendant the, WESTMINSTER POLICE DEPARTMENT, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

family policing was not with plaintiff consent
negligence
discrimination against persons with criminal records
not recording dispatch notes on mental health status of callers
not evaluating situations with common sense but basing situation entirely off dispatch notes
unnecessary detainment
treating plaintiff as mentally ill without just cause
adding mentally ill person note to FBI record without just cause
quartering soldiers within ones home
entering locked rented spaces without knocking or announcing oneself
not having dispatch priority status
treating non-urgent phone calls with urgent status
responding with more officers than necessary
making neighborhood look bad by responding with excessive police cars
making house look bad by responding with excessive police cars
leaving police car lights on without emergency present
harassment
allowing civilians to use police for harassment
using excessive force
responding with more officers than necessary
interference with ability to practice religion within ones home
inability to feel safe within ones own home

## EIGHTH CLAIM FOR RELIEF

The eighth claim for relief involves defendant the, ADAMS COUNTY SHERIFFS OFFICE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

entering rented quarters without consent of plaintiff
negligence
failure to allow plaintiff adequate time to gather identification
unlawful entry
Failure to transport plaintiff for court when writ was filed in a timely manner
Granting restraining orders without just cause
Plaintiff suffered heart attack and diminished health as result of court requests
Granting restraining orders from repeat filers without holding hearing
Failure to transport defendant for civil hearing after given notice and from within own jail
Inability to acquire legal filings due to name discrepancy
Discrimination against families when notified baby cannot appear at court proceedings
Failing to offer monthly bus pass to plaintiff to make required court appointments
Unequal protection by using AKA when benefits state and denial of AKA when does not
Must be known who is being held for proceedings

Denial of motions lack legal grounds without letting counsel argue legal grounds at hearing
Depriving parent of ability to be a caregiver on court dates
Order for plaintiff to remain within the state of Colorado
Failure to accommodate special needs of plaintiff
Plaintiff would skateboard to court without food and has passed out
Discrimination placed undue hardship against people with disabilities in Violation of ADA causing plaintiff to be sexually assaulted a second time while attempting to appear for court
Denial of motions without setting for a hearing
Failng to set trial date after speedy trial requested
Failing to set preliminary hearing after requested
Failing to set hearing for motions not yet ruled on
ordering eviction without just cause
failure to address plaintiff as a real person due to name discrepancy
addressing plaintiff as a real person when AKA was claimed by court is unequal protection
not providing plaintiff with a copy of filings made by district attorney or public defender
ordering eviction after failing to transport defendant
refusal to transport court, family and friends fear as plaintiffs whereabouts are unknown
governmental entanglement with the religious affairs of citizens within their own homes
causing sexual abuse trauma to be relived by forcing mental health evaluations
hearing under AKA in order to make defendant appear to be a criminal
n contempt disregarded a judge signed order of legal name change, an act of civil contempt
held proceedings against plaintiff with name followed by AKA, yet lacked evidence thereof
interference with ability to practice religion within ones home
inability to feel safe within ones own home
unlawful search and seizure
made family homeless in wintertime below freezing temperature with a baby
failure to answer phones in unit that handles extended civil assists
entering locked rented spaces without knocking or announcing oneself
failure to respond to voice mails by unit that handles extended civil assists
harassment
allowing civilians to use police for harassment
governmental entanglement with the religious affairs of citizens within their own homes

## NINTH CLAIM FOR RELIEF

The ninth claim for relief involves defendant the, ADAMS COUNTY JUDICIAL CENTER, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

punitive and illegal sentence over freedom of speech activity
revocation of bond that was not violated
Detaining plaintiff without bond for non-capital offense
negligence
entrapment
allowing pattern civil fillings by residents without holding hearing
failure to research filings thus allowing plaintiff(s) to be harmed by pattern civil filings
holding proceedings without defendant present due to name discrepancy
denial of motions without holding hearing

refusal to respond to motions due to name discrepancy
not allowing plaintiff transport due to name discrepancy
Failing to address motions filed pro-se due to defendant being represented by counsel
failure to do due diligence
making requests of defendant without verifying legality of requests
plaintiff inability to present defense due to plaintiff having to represent himself as two people
could not move due to court date appearance requests, therefore forced homelessness
stuck in Colorado due to court date appearances, forced to live without necessitates
failure to know whom is being charged, in violation of state law
harassment
not allowing plaintiff to come to court dates due to name discrepancy
accepting for judgment court ordered mental health examination without defendant present
failure to hold hearing regarding mental health examination trauma
Proceeding being held not pursuant to Colorado rules of criminal procedure
forcing plaintiff to violate the terms and conditions which they placed upon him
not allowing counsel present during mental health examination as requested
plaintiff unable to resolve court case without just cause
denial of due process due to name discrepancy
ordering unnecessary burdens upon plaintiff causing life hardships
requiring plaintiff to skateboard 6—10 hours each way for court appearances
deterioration of plaintiffs health due to going against doctors orders of no exercise
plaintiff hardship make court appearances, thus appeared under duress and threat of liberty
hearings with claim of AKA but no due process when addressing courts under that AKA
failure to address motions as defendant is held under duress and under wrong name
plaintiff confusion as to which person he should be addressing court motions as
Proceeding being held not pursuant to Federal rules of criminal procedure

## TENTH CLAIM FOR RELIEF

The tenth claim for relief involves defendant the, ADAMS COUNTY DISTRICT
ATTORNEY'S OFFICE, and plaintiff(s) contend each was an unlawful violation of
constitutional rights:

allowing plaintiff to have punitive and illegal sentence over freedom of speech activity
failing to file motions of plaintiff having illegal sentence
failure to object to revocation of bond that was not violated
Detaining plaintiff without bond for non-capital offense
negligence
entrapment
had knowledge that plaintiffs family was homeless with a baby and held prosecution
prosecution being held resulting in plaintiff being sexually assaulted a second time
charging person under two different names
holding charges under two different names after notice was given
holding charges under two different names without just cause
attempting to have plaintiff falsely represent himself as someone whom he is not
prosecuting domestic family matters as criminal matters
failure to do due diligence

22

making requests of defendant without verifying legality of requests
inability to present defense due to plaintiff having to represent himself as two people
could not move due to prosecution held, therefore forced homelessness
stuck in Colorado due to prosecution held, therefore forced to live without necessities
failure to know whom is being charged, in Violation of state law
harassment
having plaintiff address court as two different people
requesting judgment on court ordered mental health examination without plaintiff present
prosecuting civil matters as criminal matter
not following Colorado rules of criminal procedure
forcing plaintiff to violate the terms and conditions which they placed upon him
governmental entanglement with the religious affairs of citizens within their own homes
Discrimination against families when told baby cannot appear at court proceedings
filing charges under AKA in order to make defendant appear to be a criminal
creating and placing unnecessary burdens upon plaintiff causing life hardships
requiring plaintiff to skateboard 6-10 hours each way for court appearances
deterioration of plaintiffs health due to going against doctors orders of no exercise
forcing plaintiff to appear for charges under duress putting his family in danger
holdings charges against two distinct individual person without picking one
Discrimination placed undue hardship against people with disabilities in violation of ADA
Plaintiff would skateboard to appear for charges held without food
Plaintiff suffered heart attack and diminished health as result of charges being held
causing plaintiff to be sexually assaulted while attempting to appear for charges held
Depriving parent of ability to be a caregiver by holding charges
in contempt disregarded a judge signed order of legal name change, an act of civil contempt
charged plaintiff with his name followed by an AKA, yet lacked evidence to support claim
failure to secure stipulated plea offer
allowing illegal sentence for exercising freedom of speech

## ELEVENTH CLAIM FOR RELIEF

The eleventh claim for relief involves defendant the, ADAMS COUNTY HUMAN SERVICES, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

placing a limit on plastic EBT cards discrimination against the poor
placing a limit on plastic EBT cards discrimination against the transient
placing a limit on plastic EBT cards discrimination against homeless
placing a limit on plastic EBT cards thus blocking access to food
disregard of power of attorney
deprivation of power of attorney rights conferred
refusal to issue EBT card via power of attorney
requiring a social security number for food benefits
negligence
granting food stamps for only plaintiff after 2 dependents were listed
inability to function due to insufficient calorie intake
insufficient food dollar allowance per person
insufficient food dollar allowance per person with medical conditions

23

insufficient food dollar allowance per person having to exercise excessively
insufficient food dollar allowance per person to prevent weight loss
insufficient food dollar allowance per person homeless buying at convenience stores prices
insufficient food dollar allowance per person with medical conditions to prevent blackouts
failure to do due diligence
shutting off plaintiffs food stamps for over 6 months after notification of legal name change
inability to function in society due to insufficient energy
discrimination experienced for parenting without money for food
undue hardship by having non—traditional business hours
undue hardship by not remaining open Monday-Friday for full hours.
insufficient food stamps was slow death ordered by government
plaintiff(s) were hungry all day everyday and had to ask for free food
denial of food stamps was government ordered death sentence
Failing to answer telephones during business hours
Failing to return voice mails left after business hours
in contempt disregarded a judge signed order of legal name change, an act of civil contempt

## TWELFTH CLAIM FOR RELIEF

The twelfth claim for relief involves defendant the, SOCIAL SECURITY ADMINISTRATION,
and plaintiff(s) contend each was an unlawful violation of constitutional rights:

negligence
disregard for harassment filing
disregard for well being of plaintiff after life endangerment
given completely different requirements each time showed up with previous requests
ongoing harassment caused plaintiff to be kicked out of only apartment was able to acquire
disregard lead to homelessness
disregard lead to loss of a car
disregard subjected plaintiff to continued harassment
refusing to file requesting documents in file cabinet led to theft of months of documents
failure to do due diligence
disregard for homeless citizen needs
poor functioning in society due to ongoing harassment
disregard lead to future crimes against defendant such as theft
undue hardship by having non-traditional business hours
undue hardship by not remaining open Monday-Friday for full business hours.
disregard lead to life endangerment
poor office record keeping requires citizens to reexplain full version of events on each visit
denial without just cause
forcing to reexplain life events brings trauma back to life

## THIRTEENTH CLAIM FOR RELIEF

The thirteenth claim for relief involves defendant the, WELD COUNTY JAIL, and plaintiff(s)
contend each was an unlawful violation of constitutional rights:

negligence
deprived plaintiffs baby of its mother
preventing plaintiff from knowing girlfriend was in jail due to name discrepancy
preventing plaintiff from visiting girlfriend due to name discrepancy
failure to do due diligence
failure to release caused plaintiffs girlfriend to be sexually assaulted upon release
forcing plaintiff to represent his girlfriend as someone she is not
forcing plaintiff to commit felonies under duress due to misidentification

## FOURTEENTH CLAIM FOR RELIEF

The fourteenth claim for relief involves defendant the, WELD COUNTY DISTRICT
ATTORNEY'S OFFICE, and plaintiff(s) contends each of the following sub claims were
unlawful violations of their constitutional rights:

refusal to provide discovery
negligence
entrapment
pre-trial supervision request treated plaintiff as guilty before entering a plea of guilty
holding charges against wrong person deprived plaintiff of girlfriend
charging wrong person person deprived plaintiff of girlfriend
requiring plaintiff to transport girlfriend to court dates as someone else
putting plaintiff in front of two different prosecutors under two different names in same day
attempting to have plaintiffs girlfriend falsely represent herself as someone whom she is not
attempting to have plaintiffs girlfriend commit felonies relating to name discrepancy
failure to do due diligence
making requests of defendants girlfriend without verifying legality of requests
inability to present defense due to plaintiff having to represent herself as someone else
could not move due to prosecution held, therefore forced homelessness
stuck in Colorado due to prosecution held, therefore forced to live without necessities
failure to know whom is being charged, in violation of state law
harassment
requiring plaintiffs girlfriend to come to court dates as someone else
requiring plaintiff to represent his girlfriend regarding court as someone else
forcing plaintiff to violate the terms and conditions placed upon his girlfriend
not following Colorado rules of criminal procedure
wrongful incarceration
prevented plaintiffs girlfriend bailing due refusing PR bond after identification issue known
holding charges with lack of evidence
causing plaintiffs girlfriend to remain incarcerated without just cause
creating and placing unnecessary burdens upon plaintiff due to girlfriend being incarcerated
hardships caused plaintiffs baby to unknowingly be babysat with sexual molester present
Depriving plaintiff of ability to be a proper caregiver due unjust burdens requested
charging name discrepancy prevented plaintiff from knowing girlfriend had a bond
holdings charges against wrong person
wrongful incarceration
charging name discrepancy

25

holding charges prevented plaintiff from knowing girlfriend had court
charging name discrepancy, family and friends fear as whereabouts are unknown
prosecution being held resulting in plaintiffs girlfriend later being sexually assaulted
asking for warrants on charges that lack evidence

## FIFTEENTH CLAIM FOR RELIEF

The fifteenth claim for relief involves defendant the, WELD COUNTY COURTHOUSE, and
plaintiff(s) contend each was an unlawful violation of constitutional rights:

extortion via telephone system
negligence
harassment
excessive bail on non-capital offenses

## SIXTEENTH CLAIM FOR RELIEF

The sixteenth claim for relief involves defendant the, WELD COUNTY PRE-TRIAL
SERVICES, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

negligence
pre-trial delay shall be considered within window of time jail must release a person on bond
pre-trial supervision is treating a person as guilty before they enter a plea of guilty
forcing plaintiff to bring girlfriend to submit urinalysis under different name
forcing plaintiff to felonious misrepresent girlfriend to submit urinalysis
wrongfully placing burdens upon boyfriend for supervision requirements of girlfriend
having plaintiffs falsely represent his girlfriend
attempting to have plaintiff commit felonies relating to name discrepancy
failure to do due diligence
accepting release paperwork without verifying legality of orders
inability to function in society due to plaintiff having to represent girlfriend as someone else
forcing plaintiff to Violate the terms and conditions which they placed upon his girlfriend
requiring plaintiff to represent her as living at an old address which he no longer resides
requiring plaintiffs girlfriend to furnish an address when homeless
harassment
requiring plaintiff UA check in by telephone for girlfriend when he has no telephone service
requiring plaintiff UA check in by telephone for girlfriend when he has no telephone
discrimination against the poor
unreasonable terms and conditions

## SEVENTEENTH CLAIM FOR RELIEF

The seventeenth claim for relief involves defendant the, US IMMIGRATIONS AND
CUSTOMS ENFORCEMENT AGENCY, and plaintiff(s) contend each was an unlawful
violation of constitutional rights:

excessive use of force

26

negligence
depriving plaintiff of girlfriend without just cause
discrimination
prevented plaintiff from attending and resolving girlfriends court cases
not notifying plaintiff of girlfriend arrest
harassment
allowing civilians to use police for harassment
forcing plaintiffs to falsely represent girlfriends identity
forcing plaintiff to falsely to commit felonies under duress due to misidentification
prevented plaintiff posting bail temporary holding jurisdiction due to name discrepancy

## EIGHTEENTH CLAIM FOR RELIEF

The eighteenth claim for relief involves defendant the, US DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, and plaintiff(s) contend each was an unlawful violation of
constitutional rights:

failure to run a 24 hour homeless shelter in Colorado
failure to run a homeless shelter with 24 hour check in within Colorado
misappropriation of taxpayer money
waste of taxpayer money
misuse of taxpayer money
inability to function as a productive member of society due to poor allocation of funds
insufficient resources available to plaintiff
insufficient resources for persons with medical conditions
insufficient resources for homeless people residing in Colorado
negligence
poor allocation of funding depriving rights of plaintiff
not running homeless shelters than meet the needs of homeless people
failure to do due diligence
allocating funding to homeless shelters than do not answer their telephones 24 hours a day
allocating funding to homeless shelters than do not return voice mails
discrimination
undue hardship by having to check into shelters before a cutoff time
undue hardship by only having desk open Monday—Friday during business hours.
subjecting plaintiff to dangerous below zero temperatures due to not meeting citizen needs
leaving plaintiff in harms way
subjecting plaintiff to police harassment
subjecting plaintiff to society harassment

## NINETEENTH CLAIM FOR RELIEF

The nineteenth claim for relief involves defendant the, COLORADO DEPARTMENT OF
MOTOR VEHICLES, and plaintiff(s) contend each was an unlawful violation of constitutional
rights:

failure to print of plastic drivers licenses on site thus depriving plaintiff of identification

27

requiring a mailing address to mail plastic identification discriminates against transient
printing paper identification cards undermines the legitimacy of all issued documents
paper identification not widely accepted form of identification and should not be issued
insufficient resources for seeking recourse for grievances against the department
insufficient resources allocated for homeless and transient people residing in Colorado
negligence
poor allocation of funding depriving rights of plaintiff
spending money in a matter than does not meet the needs of taxpayers
failure to do due diligence
funding department offices than do not answer their telephones during business hours
allocating funding to department offices than do not return voice mails
discrimination
undue hardship by not being open during traditional business hours
undue hardship by not being open Monday-Friday during business hours.
failure to run a drivers license facility that meets the needs of plaintiff and citizens
failure to run a drivers license facility that meets the needs of homeless and transient
inability to function as a productive member of society due not having identification
insufficient resources available to the indigent
plaintiff no address long enough for proof of address and identification thus discriminated
plaintiff no address long enough for plastic identification to arrive thus discriminated against
Harassment
Onerous regulations
Employees not properly trained
Employees not notified of court injunctions
Causing other rights violations
Issuing IDs that are not honored by police
Harder to acquire identification then passport
Nonsense to acquire basic identification
Issuance of non-respected identification
Issuance of identification that does not supersede NCIC
Prioritizing anti-fraud over citizen welfare
punishing law abiding citizens
entrapment
abuse of government systems
discrimination against the poor
discrimination against the homeless
discrimination against transient without permanent addresses

## TWENTIETH CLAIM FOR RELIEF

The twentieth claim for relief involves defendant the, BOULDER POLICE DEPARTMENT, and
plaintiff(s) contend each was an unlawful violation of constitutional rights:

excessive use of force
relationship policing behavior
harassment
discrimination against men

discrimination against the poor living at hotels

## TWENTY-FIRST CLAIM FOR RELIEF

The twenty-first claim for relief involves defendant the, HEALTH FIRST COLORADO, and
plaintiff(s) contend each was an unlawful violation of constitutional rights:

failure to print medicaid cards on plastic
increasing fraud by not printing plastic medicaid cards
loss of taxpayer money due to increasing fraud
failure to mail cards in a timely manner
negligence
no method allowing medical facilities to bill co-pays to medicaid for indigent
no method allowing medical facilities to recoup waiver of co-pays when treating indigent
insufficient resources allocated for homeless and transient people residing in Colorado
insufficient resources allocated for indigent and homeless
insufficient resources available for those who have no ability to pay co-pays
denial of medical care for those who cannot pay co—pays
denial of long-term and followup care medical care for those who cannot pay co—pays
denial of counseling and mental health care for those who cannot pay co-pays
failure to do due diligence
worsening of medical conditions due to lack of medical care
unnecessarily catastrophic medical outcome due to inability to seek care after heart attack
discrimination
discrimination against the poor
inability to function in society due to insufficient medical care
permanent reduction in quality of life due to not being able to seek care after heart attack
harassment
being discriminated against at medical offices when not being able to pay co-pay
being turned away at medical offices when not being able to pay co-pay
no special program to waive co—pays for medicaid charges regarding the indigent
plaintiff suffers ongoing pain due to the destruction caused by lack of medical care
poor use of taxpayer funds
lack of concern for indigent and homeless discriminated against plaintiff
inability to function in society due to insufficient medical care
requiring poor to pay meaningless co-pays
not answering telephones
misuse of taxpaper money
not rendering services with taxpayer money
wasting taxpayer money

## TWENTY-SECOND CLAIM FOR RELIEF

The twenty—second claim for relief involves defendant the, COLORADO DEPARTMENT
HUMAN SERVICES, and plaintiff(s) contend each was an unlawful violation of constitutional
rights:

29

placing a limit on plastic EBT cards discrimination against the poor
placing a limit on plastic EBT cards discrimination against the transient
placing a limit on plastic EBT cards discrimination against homeless
placing a limit on plastic EBT cards thus blocking access to food
disregard of power of attorney
deprivation of power of attorney rights conferred
refusal to issue EBT card via power of attorney
fabricating requirements that are illegal
telling plaintiff that he must furnish identification of power of attorney grantee
negligence
granting food stamps for only 1 person after multiple dependents are listed
inability to function due to insufficient calorie intake is discrimination against the poor
insufficient food dollar allowance per person
insufficient food dollar allowance per person with medical conditions
insufficient food dollar allowance per person having to exercise excessively
insufficient food dollar allowance per person to prevent weight loss
insufficient food dollar allowance per person homeless buying at convenience stores prices
insufficient food dollar allowance per person with medical conditions to prevent blackouts
failure to do due diligence
denial of girlfriends food stamps due to claim of warrant
inability to function in society due to insufficient energy
discrimination experienced for parenting without money for food
undue hardship by having locations with non-traditional business hours
undue hardship by having locations that do not remain open Monday-Friday for full hours.
harassment
allowing complaints of police to be commingled with a persons food violated plaintiff(s)
denial of food stamps was government ordered death sentence
insufficient food stamps was slow death ordered by government
plaintiff(s) were hungry all day everyday and had to ask for free food led to discrimination
denial of girlfriends child support payments due to claim of warrant violated plaintiff
denial of girlfriends child support payments prevented plaintiff from being a caregiver
complaints of police being commingled with child support prevents ability to parent
complaints of police being commingled with child support violated plaintiffs baby, thus him
complaints of police being commingled with food stamps violated plaintiffs baby, thus him
Having locations that do not answer telephones during business hours
Having locations that do not return voice mails left after business hours
shutting off plaintiffs food stamps for over 6 months after notification of legal name change
denial of child support payments due to claim girlfriend had warrants violated dad, plaintiff
child support payment denial sanctioned fathers money in purgatory without jurisdiction
child support payment denial violated sanctioned father and plaintiff(s) family
in contempt disregarded a judge signed order of legal name change, act of civil contempt
Denial of power of attorney rights

## TWENTY-THIRD CLAIM FOR RELIEF

The twenty—third claim for relief involves defendant the, DOUGLAS COUNTY JAIL, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

30

Jailing plaintiff under two different names on two detainment's.
Unequal protection of the laws
Jailing plaintiff over ticket and summons was unequal protection of the laws
false arrest
detainment on fake charges
negligence
failure to release plaintiff whom was wrongfully held
detaining a non—existent person
failing to check identification with incoming detainee against charging name
charging and fingerprinting wrong person
detaining wrong person
tarnishing arrest record with recent arrest to lead to employment problems in plaintiffs sector
causing plaintiff to remain incarcerated without just cause
preventing plaintiff from attending and resolving pending court cases
preventing plaintiff from bailing out of jail due to misidentification
failure to do due diligence
incarceration under wrong name prevented receiving mail under legal name
incarceration under wrong name prevented family from knowing plaintiff is incarcerated
forcing plaintiff to commit felonies under duress due to misidentification
refusing law library access
forcing plaintiff to falsely represent his identity
booking persons evidence property under a different name than they are booked into jail as
booking process treated plaintiff as two separate and distinct individuals
at booking process jail did not know who plaintiff was but was required to know
jail failed to properly identify plaintiff
jail erred in booking process by treated plaintiff as two separate and distinct individuals
inability to determine who person was, plaintiff should have been released
there was no active warrants under the name on plaintiffs identification card
in contempt disregarded a judge signed order of legal name change, an act of civil contempt
booking evidence property under a different name than person is charged under
inability to attend court proceedings impacts plaintiffs rights
discrimination against those living in poverty
failure to do due diligence
in contempt disregarded a judge signed order of legal name change, an act of civil contempt
extortion via telephone system

## TWENTY-FOURTH CLAIM FOR RELIEF

The twenty-fourth claim for relief involves defendant the, ADAMS COUNTY JAIL, and
plaintiff(s) contend each was an unlawful violation of constitutional rights:

negligence
failure to release plaintiffs girlfriend whom was wrongfully held
detaining wrong person
failing to check identification with incoming detainee against charging name
charging and fingerprinting wrong person

31

detaining wrong person
holding plaintiff without bail for another jurisdiction
causing plaintiff to remain incarcerated without just cause
preventing plaintiff from attending and resolving pending court cases on bail
preventing plaintiff from bailing out of jail
failure to do due diligence
incarceration under wrong name prevented plaintiffs girlfriend from receiving mail
name discrepancy prevented family from knowing plaintiffs girlfriend was incarcerated
forcing plaintiff to commit felonies under duress due to misidentification
refusing law library access
forcing plaintiff to falsely represent his girlfriends identity
holding plaintiff for another jurisdiction without bail was excessive bail
in contempt disregarded a judge signed order of legal name change, an act of civil contempt
booked plaintiff on charge with his name followed by an AKA, yet lacked evidence thereof
extortion via telephone system

## TWENTY-FIFTH CLAIM FOR RELIEF

The twenty-fifth claim for relief involves defendant the, INTERNAL REVENUE SERVICE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

negligence
disregard for notifying plaintiff and taxpayers of filings against them
failure to notify plaintiff that tax claim existed prejudiced him in future employment
allowing plaintiff to be filed against without just cause
allowing plaintiff to be filed against without holding hearing
allowing plaintiff to be filed against without scheduling hearing
allowing plaintiff to be filed against without attempting to contact defendant
disregard subjected plaintiff to future discrimination in housing
failure to notify impacted plaintiffs ability to question legitimacy of tax claim
failure to do due diligence
failure to notify grounds for tax claim against plaintiffs to be quashed
allowing tax claims to result in citizen discrimination
allowing tax claim against plaintiff whom was already criminally charged
tax claim was double jeopardy
tax claim should have been addressed by defendant prior to a guilty plea being entered
tax claim should have been addressed by defendant in restitution claim
allowing tax claim without evidence that plaintiff actually received said proceeds
not allowing plaintiff a dispute process
not allowing plaintiff an appeals process

## TWENTY-SIXTH CLAIM FOR RELIEF

The twenty-sixth claim for relief involves defendant the, DENVER COUNTY HUMAN SERVICES, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

placing a limit on plastic EBT cards discrimination against the poor
placing a limit on plastic EBT cards discrimination against the transient
placing a limit on plastic EBT cards discrimination against homeless
placing a limit on plastic EBT cards thus blocking access to food
disregard of power of attorney
deprivation of power of attorney rights conferred
refusal to issue EBT card via power of attorney
negligence
granting food stamps for only plaintiff after 2 dependents were listed
inability to function due to insufficient calorie intake
insufficient food dollar allowance per person
insufficient food dollar allowance per person with medical conditions
insufficient food dollar allowance per person having to exercise excessively
insufficient food dollar allowance per person to prevent weight loss
insufficient food dollar allowance per person homeless buying at convenience stores prices
insufficient food dollar allowance per person with medical conditions to prevent blackouts
failure to do due diligence
denial of girlfriends food stamps due to claim of warrant
inability to function in society due to insufficient energy
discrimination experienced for parenting without money for food
undue hardship by having non-traditional business hours
undue hardship by not remaining open monday-friday for business full hours.
harassment
allowing complaints of police to be commingled with a persons food violated plaintiff(s)
denial of food stamps was government ordered death sentence
insufficient food stamps was slow death ordered by government
plaintiff(s) were hungry all day everyday and had to ask for free food
denial of girlfriends child support payments due to claim of warrant violated plaintiff
denial of girlfriends child support payments prevented plaintiff from being a caregiver
complaints of police being commingled with child support prevents ability to parent
complaints of police being commingled with child support violated plaintiffs baby, thus him
complaints of police being commingled with food stamps violated plaintiffs baby, thus him
Failing to answer telephones during business hours
Failing to return voice mails left after business hours
denial of child support payments due to claim girlfriend had warrants violated dad, plaintiff
child support payment denial sanctioned fathers money in purgatory without jurisdiction
child support payment denial violated sanctioned father and plaintiff(s) family

## TWENTY-SEVENTH CLAIM FOR RELIEF

The twenty—seventh claim for relief involves defendant the, SECURUS TECHNOLOGIES,
and plaintiff(s) contend each was an unlawful violation of constitutional rights:

extortion
preventing family Notification of incarceration
Preventing friends notification of incarceration
Extortion

33

Preventing notification of arrest under wrong name
poor equipment quality prevents proper utilization of services thus misrepresentation

## TWENTY-EIGHTH CLAIM FOR RELIEF

The twenty-eighth claim for relief involves defendant the, COLORADO HEALTH GRIEVANCE
BOARD, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

detaining those with mental health staus in question without bond
harassment

## TWENTY-NINTH CLAIM FOR RELIEF

The twenty-ninth claim for relief involves defendant the, VERIZON WIRELESS, and plaintiff(s)
contend each was an unlawful violation of constitutional rights:

no grace period before shutting off service
interruption of income
allowing National Security Administration to tap internet traffic without warrant
allowing National Security Administration to tap cellular calls without warrant
allowing National Security Administration to tap cellular text messages without warrant

## THIRTIETH CLAIM FOR RELIEF

The THIRTIETH claim for relief involves defendant the, TELMATE, and plaintiff(s) contend
each was an unlawful violation of constitutional rights:

extortion
poor equipment quality prevents proper utilization of services thus misrepresentation
preventing family Notification of incarceration
Preventing friends notification of incarceration
Extortion
Preventing notification of arrest under wrong name

## THIRTY-FIRST CLAIM FOR RELIEF

The THIRTY-FIRST claim for relief involves defendant the, OFFICE OF THE INDEPENDANT
MONITOR, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

negligence
failure to respond to lawsuits
failure to investigate lawsuits
failure to prevent loss of taxpayer dollars via lawsuits
causing additional lawsuits by neglecting lawsuits
causing lawsuits for other entities

## THIRTY-SECOND CLAIM FOR RELIEF

The THIRTY-SECOND claim for relief involves defendant the, DENVER SHERIFF DEPARTMENT INTERNAL AFFAIRS BUREAU, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

Negligence
failure to respond to lawsuits
failure to investigate lawsuits
failure to prevent loss of taxpayer dollars via lawsuits
causing additional lawsuits by neglecting lawsuits
causing lawsuits for other entities
causing lawsuits for other jurisdictions taxpayers

## THIRTY-THIRD CLAIM FOR RELIEF

The THIRTY-THIRD claim for relief involves defendant the, TRUCHA BAIL BONDS, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

Violation of bonding agent conduct
Causing excessive false incarceration
Making false statements regarding plaintiff
attempting to block plaintiff family from posting bonds by means of defamation of character
attempting to block plaintiff friends from posting bonds by means of defamation of character
Attempting to keep plaintiff wrongfully incarcerated
Defamation of character
Client discrimination

## THIRTY-FOURTH CLAIM FOR RELIEF

The THIRTY-FOURTH claim for relief involves defendant the, AMERICAN SURETY COMPANY, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

Violation of surety company conduct
Causing excessive false incarceration
allowing false statements regarding plaintiff
allowing plaintiff to be wrongfully incarcerated
Defamation of character
Client discrimination

## THIRTY-FIFTH CLAIM FOR RELIEF

The THIRTY-FIFTH claim for relief involves defendant the, FAMILY SUPPORT REGISTRY, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

deprivation of child support
inability to parent due to unjust burdens
Negligence

disregard of power of attorney
deprivation of power of attorney rights conferred
denial of plaintiff access to child support due to claim girlfriend has warrant
preventing plaintiff from being able to parent

## THIRTY-SIXTH CLAIM FOR RELIEF

The THIRTY-SIXTH claim for relief involves defendant the, JEFFERSON COUNTY JAIL, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

Having to falsely represented girlfriends name
false detainment against girlfriend impacting plaintiff rights
extortion via telephone system

## THIRTY-SEVENTH CLAIM FOR RELIEF

The THIRTY-SEVENTH claim for relief involves defendant the, JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

pressing charges against girlfriend without permission of claimed victim
pressing charges against girlfriend when claimed victim asks for charges to not be pressed
Having to falsely represented girlfriends name
Garnering miss trust in a police agency
Pressing charges without victim consent
Fabricating victims
false detainment against girlfriend  impacting plaintiff rights

## THIRTY-EIGHTH CLAIM FOR RELIEF

The THIRTY-EIGHTH claim for relief involves defendant the, LAKEWOOD POLICE DEPARTMENT, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

Jailing plaintiff over ticket and summons was unequal protection of the laws.
Requesting charges against girlfriend without permission of claimed victim
requesting charges against girlfriend when claimed victim asks for charges to not be pressed
Having to falsely represented girlfriends name
Calling from restricted telephone numbers
false charges against girlfriend impacting plaintiff rights
Unequal protection of the laws.

## THIRTY-NINTH CLAIM FOR RELIEF

The THIRTY-NINTH claim for relief involves defendant the, DELTA DISASTER SERVICES, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

lawyer games

36

employing employees who steal
loss of use of property
making requests of plaintiff then denial of plaintiffs requests
deprivation of property
Unreasonable requests
Demands that require a computer
Demands with no intent to pay
Lack of corporate responsibility
Refusing to file insurance claims

## FOURTHIETH CLAIM FOR RELIEF

The FOURTIETH claim for relief involves defendant the, DENVER PUBLIC DEFENDERS
OFFICE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

not speaking to a attorney  for 110 days while wrongfully incarcerated
causing excessive false incarceration
negligence
failure to provide discovery
providing false information to clients
client manipulation
failing to protect wrongfully incarcerated clients

## FOURTY-FIRST CLAIM FOR RELIEF

The FOURTY-FIRST claim for relief involves defendant the, ADAMS COUNTY PUBLIC
DEFENDERS OFFICE, and plaintiff(s) contend each was an unlawful violation of
constitutional rights:
failure to defend punitive sanctions for freedom of speech activity
allowing unconstitutional and illegal sentence
failing to file motions regarding illegal sentence from freedom of speech activity
failure to secure stipulated plea
lack of due diligence
Failure to represent
Dismissal of counsel
Lack of replacement counsel
Negligence
Attorney code of conduct violations
Violations of criminal procedure

## FOURTY-SECOND CLAIM FOR RELIEF

The FOURTY-SECOND claim for relief involves defendant the, GREELEY POLICE
DEPARTMENT, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

Having to falsely represented girlfriends name
Calling from restricted telephone numbers

37

violation of plaintiff rights due to girlfriend incarceration

## FOURTY-THIRD CLAIM FOR RELIEF

The FOURTY-THIRD claim for relief involves defendant the, ADAMS COUNTY PROBATION OFFICE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

Supervision without jurisdiction
Punitive supervision for exercising freedom of speech
Supervision without constitutional authority
Unconstitutional supervision
Drug testing without jurisdiction
Punitive treatment for exercising freedom of speech
Maximum supervision on misdemeanor charge

## FOURTY-FOURTH CLAIM FOR RELIEF

The FOURTY-FOURTH claim for relief involves defendant the, AMERICAN CIVIL LIBERTIES UNION, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

failure to protect plaintiff from massive civil rights infringements
failure to protect defendant from punitive measures from freedom of speech activity
No response on urgent civil rights matters
Agrivation of civil rights matters
Lack of corporate responsibility
Prolonging violation of civil rights
Failure to do due diligence
Misappropriation of funds
misuse of funds
Failure to conduct interviews

## FOURTY-FIFTH CLAIM FOR RELIEF

The FOURTY-FIFTH claim for relief involves defendant the, STEWART-LIPPMAN, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

No jurisdiction on family matters
corporate greed
no jurisdiction on collection
Harassment
Aggrivation of family matters

## FOURTY-SIXTH CLAIM FOR RELIEF

The FOURTY-SIXTH claim for relief involves defendant the, REGIONAL TRANSPORTATION DISTRICT, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

Denial of claims without just cause
driver misconduct causing health  endangerment
defending driver endangerment behavior
driver not following RTD procedures
driver harassment
loss of use of property
loss of property
Denial of claims that are on video
Failure to ensure police reports taken
Preventing plaintiff transportation to court
Causing damage to plaintiff transportation

## FOURTY-SEVENTH CLAIM FOR RELIEF

The FOURTY-SEVENTH claim for relief involves defendant the, BVAA COMPASS, and
plaintiff(s) contend each was an unlawful violation of constitutional rights:

Plaintiff Occupying property by fraud
Bank collecting mortgage on property occupied by Fraud
Joiner in fraud
Profiting off fraud
violation of tenant rights

## FOURTY-EIGTH CLAIM FOR RELIEF

The FOURTY-EIGTH claim for relief involves defendant the, FEDERAL BUREAU OF
INVESTIGATION, and plaintiff(s) contend each was an unlawful violation of constitutional
rights:

lack complaint procedure
causing harassment
negligence
treating citizens as terrorists
spying on citizens
waste of taxpayer money

## FOURTY-NINTH CLAIM FOR RELIEF

The FOURTY-NINTH claim for relief involves defendant the, DENVER POLICE PROTECTIVE
ASSOCIATION, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

Lack of professionalism
Lack of fiduciary responsibility
Shirking responsibilities
Failure to address grievances
Failure to address lawsuits

Failure to collect information
Failure to timely investigate
causing other entities to be subjected to lawsuits
causing other counties taxpayers to be subjected to lawsuits
causing additonal lawsuits

## FIFTIETH CLAIM FOR RELIEF

The FIFTIETH claim for relief involves defendant the, FOOD AND DRUG ADMINISTRATION, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

causing doctors to give inappropriate patient medications due to controlled substance policy
Burdensome regulations on doctors
Fear mongering among doctors
Difficulty in acquiring legitimate drugs
Mistreatment by doctors
False medication prescriptions
Leaving clients unmedicated
Leaving clients improperly medicated
Failure to prescribe required medications
Denial of real medical conditions
Doctor scarmongering
causing doctors to live their careers in fear due to controlled substance policy
causing doctors to have inappropriate patient care due to controlled substance policy
lack of access for patients in need

## FIFTY-FIRST CLAIM FOR RELIEF

The FIFTY-FIRST claim for relief involves defendant the, DENVER FIRST, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

attempting rehabilitate for non-existant crime
harassment
no jurisidction over plaintiff

## FIFTY-SECOND CLAIM FOR RELIEF

The FIFTY-SECOND claim for relief involves defendant the, UNITED STATES DEPARTMENT OF AGRICULTURE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

arbitrary criteria for food benefits
poor regulation
lack of aid to the needy
lack of aid to qualifying
social security number requirement is discrimatory

40

## FIFTY-THIRD CLAIM FOR RELIEF

The FIFTY-THIRD claim for relief involves defendant the, HIGH PERFORMANCE TRANSPORTATION ENTERPRISE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

pink mail and envelopes are harassment
failure to respond to police reports
harassment
unreasonable demands
Defamation of character
Unreasonable requests
Poor customer service
failure to respond to requests
no appeals process
lack of legal jurisdiction

## FIFTY-FOURTH CLAIM FOR RELIEF

The FIFTY-FOURTH claim for relief involves defendant the, LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

failure to correspond with hired party
harassment
unlawful demands
defamation of character
defending highway profit over plaintiffs rights

## FIFTY-FIFTH CLAIM FOR RELIEF

The FIFTY-FIFTH claim for relief involves defendant the, E-470 PUBLIC HIGHWAY AUTHORITY, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

pink mail and envelopes are harassment
unlawful demands
harassment
unreasonable demands
defamation of character

## FIFTY-SIXTH CLAIM FOR RELIEF

The FIFTY-SIXTH claim for relief involves defendant the, DENVER POLICE DEPARTMENT CIVIL LIABILITY BUREAU, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

causing more civil suits

negligence
failure to respond to lawsuits
failure to remedy lawsuits
failure to perform duties of taxpayers
causing other entities to be subjected to lawsuits
causing other counties taxpayers to be subjected to lawsuits

## FIFTY-SEVENTH CLAIM FOR RELIEF

The FIFTY-SEVENTH claim for relief involves defendant the, OFFICE OF THE ATTORNEY
GENERAL, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

prosecution of laws prejudice against men
prosecution of laws prejudice against the poor
negligence

## FIFTY-EIGHTH CLAIM FOR RELIEF

The FIFTY-EIGHTH claim for relief involves defendant the, SPRINT, and plaintiff(s) contend
each was an unlawful violation of constitutional rights:

no grace period before shutting off service
auto bank account debit process is harassment
auto bank account debit process cannot be shut off easily
auto bank account debit process causes excess fees
interruption of income
allowing National Security Administration to tap internet traffic  without warrant
allowing National Security Administration to tap celluar phone cells  without warrant
allowing National Security Administration to tap cellular messages  without warrant

## FIFTY-NINTH CLAIM FOR RELIEF

The FIFTY-NINTH claim for relief involves defendant the, DENVER OFFICE OF RISK
MANAGEMENT, and plaintiff(s) contend each was an unlawful violation of constitutional
rights:

negligence
failure to address lawsuits
failure to investigate lawsuit claims
failure to remedy lawsuit claims
discrimination against those not represented by an attorney
causing other entities to be subjected to lawsuits
causing other counties taxpayers to be subjected to lawsuits
causing excess lawsuits

## SIXTIETH CLAIM FOR RELIEF

The SIXTIETH claim for relief involves defendant the, DEPARTMENT OF JUSTICE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

negligence
discrimination against males
discrimination against the poor
enforcement by privileged peoples causes disconnect to citizens

## SIXTIETH CLAIM FOR RELIEF

The SIXTIETH claim for relief involves defendant the, COLORADO COURT OF APPEALS, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

failure to address filings made in pauper
negligence
discrimination against the poor
failure to address emergency filings made by wrongfully incarcerated
discrimination against those not represented by an attorney

## SIXTY-FIRST CLAIM FOR RELIEF

The SIXTY-FIRST claim for relief involves defendant the, THORNTON POLICE DEPARTMENT, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

arrest for civil matter
interference in family matters
Unequal protection of the laws
Jailing plaintiff over ticket and summons was unequal protection of the laws
excessive use of force
harassment

## SIXTY-SECOND CLAIM FOR RELIEF

The SIXTY-SECOND claim for relief involves defendant the, THE SHARPEST RIDES, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

infringement of freedom of speech activity
threatening protesters
false promises to girlfriend of wage compensation deprived plaintiff
false promises to girlfriend of wage compensation caused plaintiff to be violated
denial of employees being employees
failure to remedy lawsuits
society harassment as result of homelessness
police harassment as result of homelessness

## SIXTY-THIRD CLAIM FOR RELIEF

43

The SIXTY-THIRD claim for relief involves defendant the, ENGLEWOOD POLICE DEPARTMENT , and plaintiff(s) contend each was an unlawful violation of constitutional rights

refusal to monitor protests where protester is threatened
placing corporate taxpayers before citizens rights
business worshiping
harassment
searching plaintiffs pockets over false probation designation

## SIXTY-FOURTH CLAIM FOR RELIEF

The SIXTY-FOURTH claim for relief involves defendant the, WELLS FARGO, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

closure of account was without just cause
closure of account was without form of appeal thus discriminatory towards crime victims
account charge credits were not made pursuit to state law
closure of account prevented booking of hotel
inability to book hotels due to account closure made plaintiff homeless
discrimination against the poor
failure to reverse charges
not blocking third party automatic withdraws that result in fees

## SIXTY-FIFTH CLAIM FOR RELIEF

The SIXTY-FIFTH claim for relief involves defendant the, PUBLIC STORAGE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

false advertising as "one month free storage" yielded 6 days free rent from 24th day of month
locking public restroom due to theft of toilet paper unjust block of access to public facility
public restroom was primary reason for rental choice thus violation of terms of agreement

## SIXTY-SIXTH CLAIM FOR RELIEF

The sixty-sixth claim for relief involves defendant the, NORTHMARQ COMPANIES LLC, and plaintiff(s) contend each was an unlawful violation of constitutional rights

neglect of parking lot maintenance
damage to plaintiffs car was destruction of private property
damage to plaintiff car ultimately resulting in total loss of vehicle
loss of vehicle led to two year deprivation of a vehicle
causing plaintiff to transport via skateboard for two years
broken arm using skateboard as transportation
societal harassment due to being outside and transporting without car
corporate greed
hiding behind lawyers
failure to remedy damages

44

## SIXTY-EIGHTH CLAIM FOR RELIEF

The sixty-sixth claim for relief involves defendant the, ARAPAHOE COUNTY COURTHOUSE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

requesting plaintiff appear before magistrate before filing small claims is discrimination
requesting poor people appear in person in unjust burden and discriminatory
discrimination against plaintiff filling in pauper
discrimination against poor people
placing burdens upon those most in need

## SIXTY-NINTH CLAIM FOR RELIEF

The sixty-ninth claim for relief involves defendant the, WOOD PARTNERS, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

failure to condemn alta cherry hills building due to poor construction
no remedies for building wide noise issues
allowing plaintiff to be harassed by other tenants

## SEVENTIETH CLAIM FOR RELIEF

The seventieth claim for relief involves defendant the, QUAIL RUN ASSOCIATIONS., and plaintiff(s) contend each was an unlawful violation of constitutional rights:
not following homeowners association regulations but expecting tenants to follow it
tenant harassment
tenant discrimination
attempting to evict disenfranchised people
attempting to evict poor people
attempting to evict people who are not delinquent on rent
discrimination

## SEVENTY-FIRST CLAIM FOR RELIEF

The seventy-first claim for relief involves defendant the, STARS & STRIPES HOMES, INC., and plaintiff(s) contend each was an unlawful violation of constitutional rights:

failure to renew lease thus evicting tenants
attempting to evict disenfranchised people
attempting to evict poor people
attempting to evict people who are not delinquent on rent
discrimination

## SEVENTY-SECOND CLAIM FOR RELIEF

The seventy-second claim for relief involves defendant the, THE MCCULLOUGH GROUP, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

leaving current client without legal representation during criminal charges
failure to return unpaid retainer
keeping client by not returning retainer yet not representing for remaining monies
attempted termination
not meeting attoney professionalism codes of conduct

## SEVENTY-THIRD CLAIM FOR RELIEF

The seventy-third claim for relief involves defendant the, TSCHETTER HAMRICK SULZER P.C., and plaintiff(s) contend each was an unlawful violation of constitutional rights:

out lawyering poor people whom cannot hire lawyers is discrimination
tenant harassment
tenant discrimination
attempting to evict disenfranchised people
attempting to evict poor people
attempting to evict people who are not delinquent on rent
discrimination

## SEVENTY-FOURTH CLAIM FOR RELIEF

The seventy-fourth claim for relief involves defendant the, EAN HOLDINGS LLC, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

taking away rental cars from defendant due to large dents with claim of accident
claiming that a large dent in a car is an accident
failure to issue replacement car is discrimation
failure to issue replacement car to those who cannot immediately pay is poor discrimination

## SEVENTY-SIXTH CLAIM FOR RELIEF

The seventy-sixth  claim for relief involves defendant the, THE SCORE ASSOCIATION, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

not allowing citizens inside downtown denver federal building without identification
discrimination against poor people who cannot acquire identification
discrimination against homeless who cannot acquire identification
discrimination against entreprenuers who cannot acquire identification
nonsense security precautions
 creating barriers to entreprenuers making money

## SEVENTY-SEVENTH CLAIM FOR RELIEF

The seventy-seventh  claim for relief involves defendant the, SMALL BUSINESS

ADMINISTRATION, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

not allowing citizens inside downtown denver federal building without identification
discrimination against poor people who cannot acquire identification
discrimination against homeless who cannot acquire identification
discrimination against entreprenuers who cannot acquire identification
nonsense security precautions
 creating barriers to entreprenuers making money

## SEVENTY-EIGHTH CLAIM FOR RELIEF

The seventy-eighth claim for relief involves defendant the, DEPARTMENT OF HOMELAND SECURITY, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

holding plaintiff hostage in his own country
fake terrorism scare tactics
wasting taxpayer money
fake dangers
fear mongering among taxpayers
no spending transparency

## SEVENTY-NINTH CLAIM FOR RELIEF

The seventy-ninth claim for relief involves defendant the, NATIONAL SECURITY ADMINISTRATION, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

reading plaintiffs sexts without permission
saving plaintiffs sexts without permission
considering plaintiffs sexts classified material
spying on law abiding citizens
spying on non criminal behavior
privacy violations
fake terrorism prevention claims
exaggerated national security claims
acquiring citizens information without warrants
treating citizens as domestic terrorists
no tax payer accountability
wasting taxpayer money
storing citizen data without permission
storing nonsense data that taxpayers don't want to pay for
harassment

## EIGHTIETH CLAIM FOR RELIEF

The eightieth claim for relief involves defendant the, ALCOHOL TOBACCO AND FIREARMS,

and plaintiff(s) contend each was an unlawful violation of constitutional rights:

denial of right to acquire firearms as felon in violation of second amendment
denial of right to possess firearms as felon in violation of second amendment
denial of right to discharge firearms as felon in violation of second amendment
denial of right to hunt with firearms as felon in violation of second amendment

## EIGHTY-FIRST CLAIM FOR RELIEF

The eighty-first claim for relief involves defendant the, CENTRAL INTELLIGENCE AGENCY, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

collecting information on law abiding citizens
lack of taxpayer accountability
terrorist witch hunts
wasting taxpayer money
investigating nonsense that taxpayers don't want to pay for
harassment
citizen privacy violations

## EIGHTY-SECOND CLAIM FOR RELIEF

The eighty-second claim for relief involves defendant the, COLORADO BUREAU OF INVESTIGATION, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

building dossiers on law abiding citizens
wasting taxpayer money investigating law abiding citizens
investigating nonsense that taxpayers don't want to pay for
harassment
accessing information without warrants

## EIGHTY-THIRD CLAIM FOR RELIEF

The eighty-THIRD claim for relief involves defendant the, PAYPAL, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

unlawful detainment of money that is not corporation property
deprivation of funds causing inability to book hotel
inability to access funds leading to inability to book hotel thus homelessness
account closure without just cause

## EIGHTY-FOURTH CLAIM FOR RELIEF

The eighty-fourth claim for relief involves defendant the, PAYANYWHERE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

48

unlawful detainment of money that is not corporation property
deprivation of funds causing inability to book hotel
inability to access funds leading to inability to book hotel thus homelessness

## EIGHTY-FIFTH CLAIM FOR RELIEF

The eighty-fifth claim for relief involves defendant the, SQUARE, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

no publicly available customer service telephone number prevents appeals
account closures without appeals process
interference with plaintiffs income

## EIGHTY-SIXTH CLAIM FOR RELIEF

The eighty-sixth claim for relief involves defendant the, COYOTE UGLY, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

unpaid wages of girlfriend caused plaintiff to be evicted
plaintiff supplemented employers expenses due to business negligence
failure to remedy lawsuits
society harassment as result of homelessness
police harassment as result of homelessness

## EIGHTY-SEVENTH CLAIM FOR RELIEF

The eighty-seventh claim for relief involves defendant the, ENGLEWOOOD FAMILY PHYSICIANS, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

office refusal to prescribe medications any controlled substance list is unlawful
causing plaintiff to be unable to make money unmedicated
to subject plaintiff to repeat homelessness as result
causing plaintiff to go without food due to inability to earn income
unjustified fear of FDA monitoring
refusal to prescribe full pharmacopoeia
lack of concern for plaintiff skateboarding to appointments

## EIGHTY-EIGHTH CLAIM FOR RELIEF

The eighty-eighth claim for relief involves defendant the, AURORA MENTAL HEALTH, and plaintiff(s) contend each was an unlawful violation of constitutional rights:

hold on psychiatrist new visits
leaving plaintiff unmedicated due to claim that medication must be combined with therapy
causing plaintiff to be unable to make money unmedicated
to subject plaintiff to repeat homelessness as result

causing plaintiff to go without food due to inability to earn income
unjustified fear of FDA monitoring
refusal to prescribe full pharmacopoeia
lack of concern for plaintiff skateboarding to appointments

## EIGHTY-NINTH CLAIM FOR RELIEF

The eighty-ninth claim for relief involves defendant the, DENVER HEALTH, and plaintiff(s)
contend each was an unlawful violation of constitutional rights:

supposed requirement to see counselor to acquire a medication is not an FDA requirement
leaving plaintiff unmedicated
causing plaintiff to be unable to make money unmedicated
to subject plaintiff to repeat homelessness as result
causing plaintiff to go without food due to inability to earn income
unjustified fear of FDA monitoring
refusal to prescribe full pharmacopoeia
lack of concern for plaintiff skateboarding to appointments

## NINETEITH CLAIM FOR RELIEF

The nineteith claim for relief involves defendant the, AFC URGENT CARE, and plaintiff(s)
contend each was an unlawful violation of constitutional rights:

changing patients medication without just cause when previous medication was effective
leaving plaintiff unmedicated as result due to side effects of new medication
causing plaintiff to be unable to make money unmedicated
causing plaintiff to therefore have not received needed treatment
unjustified fear of FDA monitoring
refusal to prescribe full pharmacopoeia
lack of concern for plaintiff skateboarding to appointments

## NINETY-FIRST CLAIM FOR RELIEF

The ninety-first claim for relief involves defendant the, CLINIX HEALING CENTER, and
plaintiff(s) contend each was an unlawful violation of constitutional rights:

leaving plaintiff unmedicated while seeking new diagnosis
causing plaintiff to be unable to make money unmedicated
to subject plaintiff to repeat homelessness as result
causing plaintiff to go without food due to inability to earn income
unjustified fear of FDA monitoring
refusal to prescribe full pharmacopoeia
lack of concern for plaintiff skateboarding to appointments

## NINETY-SECOND CLAIM FOR RELIEF

The ninety-second claim for relief involves defendant the, COLORADO HOUSE OF REPRESENTATIVES, and plaintiff(s) contend each was an unlawful violation of constitutional rights

disproportionate law making that is slanted towards anti-male behavior
writing laws specifically for crimes more likely to be committed by males
repealing laws that are likely to be committed by females
writing laws that discriminate  against males
writing laws that discriminate  against the poor
law making practices by privileged population whom are disconnected from the taxpayers

### NINETY-THIRD CLAIM FOR RELIEF

The ninety-third claim for relief involves defendant the, COMCAST, and plaintiff(s) contend each was an unlawful violation of constitutional rights

wifi harassment via captive boxes that popup without permission or prompt in public places
wifi spam via captive wifi login popup boxes
invasion of privacy
internet packet snooping
copyright violation notices that lack jurisdiction
no jurisdiction to invade customer privacy
no jurisdiction to invade non-customer privacy
packet snooping violation of internet freedom
allowing National Security Administration to tap internet traffic

### NINETY-FOURTH CLAIM FOR RELIEF

The ninety-fourth claim for relief involves defendant the, NETSPEND, and plaintiff(s) contend each was an unlawful violation of constitutional rights

Not selling debit cards after 10pm in each local time zone is discrimination against the poor
Not selling debit cards in late evening hours prevented plaintiff from booking hotels
Not selling debit cards in late evening hours prevented plaintiff use for hotel incidentals
Not selling debit cards in late evening hours caused plaintiff to be homeless
Not selling debit cards in late evening hours is discrimination against young people
Not selling debit cards anytime a store is open is unequal protection of the laws
Not selling debit cards anytime a store is open is not pursuant to federal law
poor customer service
no ability to dispute charges

### NINETY-FIFTH CLAIM FOR RELIEF

The ninety-fifth claim for relief involves defendant the, GREEN DOT CORPORATION, and plaintiff(s) contend each was an unlawful violation of constitutional rights

51

Not selling debit cards after 10pm in each local time zone is discrimination against the poor
Not selling debit cards in late evening hours prevented plaintiff from booking hotels
Not selling debit cards in late evening hours prevented plaintiff use for hotel incidentals
Not selling debit cards in late evening hours caused plaintiff to be homeless
Not selling debit cards in late evening hours is discrimination against young people
Not selling debit cards anytime a store is open is unequal protection of the laws
Not selling debit cards anytime a store is open is not pursuant to federal law
no ability to dispute charges

## NINETY-SIXTH CLAIM FOR RELIEF

The ninety-sixth claim for relief involves defendant the, NATIONAL RIFLE ASSOCIATION, and plaintiff(s) contend each was an unlawful violation of constitutional rights

ignoring right to acquire firearms as felon in violation of second amendment
ignoring  right to possess firearms as felon in violation of second amendment
ignoring right to discharge firearms as felon in violation of second amendment
ignoring right to hunt with firearms as felon in violation of second amendment
collecting fees without constitutional rights protection
fake promises
fake propaganda
false advertising
allowing organization to be bullied by the government

## NINETY-SEVENTH CLAIM FOR RELIEF

The ninety-seventh claim for relief involves defendant the, CASTLE ROCK POLICE DEPARTMENT, and plaintiff(s) contend each was an unlawful violation of constitutional rights

fake child abuse charges from heir to business
lack of financial support to heir of business
failure to protect heir to business while plaintiff was guardian
failure to protect plaintiff while guardian of heir to business

## REQUEST FOR RELIEF

Plaintiff reserves the right to add additional plaintiff parties and request additional damages for those parties. Plaintiff parties requests $666,000 in punitive damages from each and every defendant party listed to be split equally between plaintiffs. Thus $666,000 multiplied by the 60 defendant parties listed is a total request for relief of $64,602,000. Plaintiff requests this complaint be tried by trial to jury, composed of 12 peers as guaranteed by the United States constitution for civil filings.

Dated: May 29, 2018

52

S/ _____
Adrian Ohanian

Adrian Ohanian
1225 S Zeno Cir Unit C
Aurora, CO 80017

vocpnt@gmail.com
(720) 990-1869

## CERTIFICATE OF SERVICE

Plaintiff swears a true copy of this complaint has been delivered by means of U.S. Mail to all defendant parties listed on May 30, 2018.

S/ _____
Adrian Ohanian

53